J-S39029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT<br>OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID MCCOMB | |
| Appellant | No. 2129 EDA 2018 |

Appeal from the PCRA Order Entered June 22, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No.: CP-09-CR-0001953-2014

BEFORE:  GANTMAN, P.J.E., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:              **FILED OCTOBER 02, 2019**

Appellant David McComb appeals from the June 22, 2018 order entered in the Court of Common Pleas of Bucks County ("PCRA court"), which dismissed as untimely his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  PCRA counsel has filed a no-merit brief and petitioned to withdraw under **Turner/Finley**.[1]  Upon review, we affirm and grant the petition to withdraw.

The facts and procedural history of this case are undisputed.  As recounted by the PCRA court:

> Appellant was convicted of rape, kidnapping, and aggravated assault in 1983.  While serving his sentence, Megan's Law I was enacted on October 24, 1995 which applied

---

* Former Justice specially assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

retroactively to sexual offenders who were convicted before the effective date of the statute and were still serving sentences at the time the law was enacted. As a result of the conviction, the Petitioner has been required to register under Megan's Law and subsequent versions for life.

On February 19, 2014, Appellant voluntarily arrived at the Pennsylvania State Police Trevose Barracks to update his information for Megan's Law Registration. He told the State Trooper that he had lost his job, car, and moved three days prior. Upon exiting the barracks, the Trooper saw Appellant drive away in a car Appellant did not mention and there was a woman with him. When the Trooper stopped Appellant in the parking lot, the woman identified herself as Appellant's sister but then admitted she was his wife. In addition, the registered owner of the vehicle was Appellant. The wife informed the Trooper that Appellant had been residing at his new address and lost his job earlier than three days ago.

On June 10, 2014, Appellant pleaded guilty to Failure to Provide Accurate Registration Information [(18 Pa.C.S.A. § 4915.1(a)(3))] and Failure to Register with Pennsylvania State Police [(18 Pa.C.S.A. § 4915.1(a)(1))]. He was sentenced to not less than five years imprisonment nor more than twenty years. Appellant filed his Motion for Reconsideration of Sentence on June 16, 2014. Appellant then withdrew his motion on July 31, 2014.[2]

On January 24, 2018, Appellant filed a *pro se* [PCRA] Petition. Appointed counsel filed an amended PCRA petition on May 2, 2018. [Appellant] argued that he was entitled to relief under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017),[3] because a retroactive application of SORNA violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions.

After reviewing the matter in its entirety, this Court issued a Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907 on May 29, 2018. This Court dismissed the PCRA petition because it was untimely and Appellant did not meet an exception because **Muniz** does not apply retroactively on collateral review to untimely PCRA petitions.

Appellant filed his response on June 18, 2018 arguing that he was unrepresented by counsel at the time of the [**Muniz**] decision and therefore had no one to file his PCRA petition. On

---

[2] Appellant did not file a direct appeal.

[3] In **Muniz**, our Supreme Court held that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of the Pennsylvania Constitution.

June 21, 2018, th[e PCRA court] dismissed the PCRA petition without a hearing due to lack of jurisdiction.

PCRA Court Opinion, 1/7/19, at 1-2 (footnotes omitted). Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On May 20, 2019, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, wherein counsel repeats the claim under *Muniz*. *See Turner*/*Finley* Brief at 12-20.

Before we may consider this issue, we must address whether PCRA counsel has met the requirements of *Turner*/*Finley*. For PCRA counsel to withdraw under *Turner*/*Finley* in this Court:

(1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3) This Court must independently review the record and agree that the appeal is meritless.

*See Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting *Turner*, *Finley*, *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2008), *overruled in part by*, *Pitts*).

We find that PCRA counsel has complied with *Turner*/*Finley*. PCRA counsel has filed an application to withdraw and filed a *Turner*/*Finley* no-

merit letter. Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.

We now address whether this appeal is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Widgins*, 29 A.3d at 819. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Before we may address the merits of this appeal, however, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the

> presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.[4]
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

---

[4] Section 9545(b)(2) was recently amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies only to claims arising on or after December 24, 2017. As a result, this amendment does not apply to Appellant's PCRA petition because it was filed prior to the amendment's effective date.

Here, the record reflects Appellant's judgment of sentence became final on July 10, 2014. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from July 10, 2014, to file his PCRA petition, the current filing raising the *Muniz* issue is facially untimely given it was filed on January 24, 2018.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant invokes the time-bar exception of Section 9545(b)(1)(iii) of the PCRA in arguing, without citing any legal authority, that that our Supreme Court's decision in *Muniz* created a new substantive right that applies retroactively. Our Supreme Court has set forth a two-part test to determine the applicability of Section 9545(b)(1)(iii) to a new decision:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Abdul–Salaam*, 812 A.2d 497, 501 (2002).

We recently addressed a similar claim under Section 9545(b)(1)(iii) in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018). In *Murphy*, we explained:

> that **this Court** has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [the a]ppellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405-06 (emphasis in original) (citations omitted). Consistent with *Murphy*, Appellant obtains no relief *sub judice* because, to date, our Supreme Court has not held *Muniz* to apply retroactively to meet the Section 9545(b)(1)(iii) exception. Accordingly, we affirm the PCRA court's order, as Appellant's petition is untimely.[5]

Upon conducting our independent review of the record, we conclude that this appeal is in fact meritless.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/19

---

[5] Appellant's PCRA petition invoking *Muniz* also is untimely because Appellant failed to file it within sixty days of the July 19, 2017 *Muniz* decision.